United States District Court
Northern District of California

1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 THE REDD GROUP, LLC, et al.,                    Case No.  12-cv-04070-JST

Plaintiffs,

8

9 v.                                              **ORDER GRANTING IN PART AND
                                                  DENYING IN PART DEFENDANTS'**
10 THE GLASS GURU FRANCHISE               **MOTION TO DISMISS**
SYSTEMS, INC., et al.,

11 Defendants.

12

13        Defendants' Motion to Dismiss Plaintiffs' Corrected Amended Complaint is now before

14 the Court.  ECF No. 33.  For the reasons discussed below, the Court will grant the motion with

15 respect to Plaintiffs' contributory infringement claim and the state law unfair competition claims,

16 but deny it with respect to Plaintiffs' direct infringement and inducement claims.

17 **I.        BACKGROUND**

18        Plaintiff The Redd Group, LLC, filed this action for patent infringement, copyright

19 infringement, and unfair competition against Defendants Daniel Frey and The Glass Guru

20 Franchise Systems, Inc. on August 2, 2012.  ECF No. 1.  Defendants answered and

21 counterclaimed for a declaratory judgment of invalidity and non-infringement in their favor.  ECF

22 Nos. 6, 7.  This Court subsequently granted Plaintiff's Motion for Leave to Amend the Complaint,

23 ECF Nos. 18 (Motion), 23 (Order), which added as a party Plaintiff Glass Renu, LLC, and

24 Plaintiffs' stipulated request to file its operative Corrected Amended Complaint (hereinafter,

25 "Complaint"), ECF No. 34.

26        The Complaint asserts four causes of action: patent infringement in violation of 35 U.S.C.

27 § 271, *et seq.*; copyright infringement, in violation of 17 U.S.C. § 501, *et seq.*; California common

28 law unfair competition; and violation of California's Unfair Competition Law, Cal. Bus. & Prof.

1    Code § 17200, *et seq.*.

2    **II.        FACTUAL ALLEGATIONS**

3             The court accepts the following allegations as true for the purpose of resolving this Rule

4    12(b)(6) motion.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

5             Redd Group owns United States Patent Number 8,029,336 ("the '336 patent"), subject to

6    exclusive licensing rights that Redd Group granted Plaintiff GlassRenu.  Compl. ¶ 1-2.  Defendant

7    Glass Guru is in the business of window repair for residential and commercial windows systems,

8    as well as automotive windows.  Id. ¶ 3.  Glass Guru markets itself as a "pioneer" in "new window

9    restoration technologies."  Id.

10             Glass Guru has franchised its business model since at least January 2007.  Id. ¶ 4.

11    Defendant Daniel Frey is a "principal" of Glass Guru, and is also involved in other entities that

12    sell window repair products for industrial use.  Id. ¶ 5.

13             The '336 patent was issued October 4, 2011.  Titled "Glass Grinding System and Method,"

14    the patent's five claims relate to a glass grinding method for the removal of scratches on windows

15    and other glass.  In 2008, Redd Group had published marketing materials concerning its later-

16    patented glass scratch removal method on GlassRenu's website.  Compl. ¶ 12.  Redd Group

17    provided customers of the glass grinding system "written materials, including instruction manuals

18    articulating how to implement the patented process when using the glass-grinding system

19    product."  Id.  The Complaint alleges that, subsequent to that publication, Defendant Glass Guru

20    began infringing the '336 patent and using Redd Group's copyrightable materials related to the

21    glass grinding method.  Id. ¶ 13.

22             In particular, as part of the patent infringement cause of action, the Complaint alleges that

23    on April 9, 2012, Redd Group advised Defendants that GlassRenu was the exclusive licensee of

24    the '336 glass grinding system.  Id. ¶ 15.  Glass Guru continued to engage in "making, using,

25    selling, or offering to sell . . . glass scratch removal services and also the sale of the 'Scratchpro'

26    glass scratch removal product," which conduct Plaintiffs assert constitutes direct patent

27    infringement in violation of 35 U.S.C. § 271(a).  Id. ¶ 16.  In addition, Plaintiffs allege that

28    Defendants "actively and knowingly aid and abet others, including purchasers of its 'Scratchpro'

*United States District Court*
*Northern District of California*

2

1    products and its franchisees in the United States, to indirectly infringe the '336 patent" in violation

2    of 35 U.S.C. 271(b).  Id. ¶ 17.  Finally, Plaintiffs allege that Defendants indirectly infringe the '336

3    patent by advertising and selling components of the patent in the United States in violation of 35

4    U.S.C. § 271(c).  Id. ¶ 18.

5    The Complaint asserts the second cause of action for copyright infringement based on

6    Defendants' production and dissemination of Redd Group's copyrighted materials relating to the

7    '336 patent's glass grinding scratch removal system because "the method, instructions, and

8    marketing materials for Defendants' product are substantially similar to the protectable elements

9    of" Redd Group's copyrighted materials.  Id. ¶ 26.

10    Plaintiffs seek a judgment that Defendants have infringed the '336 patent, an injunction

11    preventing Defendants from infringing further, pre-judgment interest, post-judgment interest,

12    destruction or impoundment of all misappropriated copyrighted works, compensatory damages,

13    treble damages, punitive damages, and a judgment that this is an exceptional case within the

14    meaning of 35 U.S.C. § 285, accompanied by an award of fees and costs.

15    Defendants moved to dismiss the Complaint on April 29, 2013.  ECF No.  33.  The Motion

16    was fully briefed (although Defendants did not file a reply in support of the Motion), and the

17    Court held a hearing on June 20, 2013.

18    **III.      LEGAL STANDARDS**

19    On a motion to dismiss, courts accept the material facts alleged in the complaint, together

20    with all reasonable inferences to be drawn from those facts, as true.  Navarro v. Block, 250 F.3d

21    729, 732 (9th Cir. 2001).  Rule 8(a)(2) of the Federal Rules of Civil Procedure "generally requires

22    only a plausible 'short and plain' statement of the plaintiff's claim."  *Skinner v. Switzer*, --- U.S. --

23    --, 131 S. Ct. 1289, 1296 (2011).  However, "the tenet that a court must accept a complaint's

24    allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported

25    by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To survive a

26    motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on

27    its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plausibility does not mean

28    probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully."

United States District Court
Northern District of California

3

1    Iqbal, 556 U.S. at 687.  "A claim has facial plausibility when the plaintiff pleads factual content

2    that allows the court to draw the reasonable inference that the defendant is liable for the

3    misconduct alleged."  Id.

4         In patent cases, purely procedural issues of law are governed by the law of the regional

5    circuit.  K-Tech Telecom., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1282 (Fed. Cir. 2013).

6    In the Ninth Circuit, to be entitled to the presumption of truth, a complaint's allegations "must

7    contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

8    party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. den'd,

9    --- U.S. ----, 132 S.Ct. 2101 (2012).  "If there are two alternative explanations, one advanced by

10   defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint

11   survives a motion to dismiss under Rule 12(b)(6).  A plaintiff's complaint may be dismissed only

12   when the defendant's plausible alternative explanation is so convincing that the plaintiff's

13   explanation is *im*plausible."  Starr, 652 F.3d at 1216 (original emphasis).

**IV.      ANALYSIS**

14

**A.      Patent Infringement**

15

16        Defendants move to dismiss Plaintiffs' patent infringement claim on the basis that

17   Plaintiffs have failed to meet the pleading standards for direct and indirect infringement claims.

**1.  Direct Infringement**

18

19        Form 18 of the Federal Rules of Civil Procedure sets forth a sample complaint for direct

20   patent infringement and requires: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff

21   owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling,

22   and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the

23   defendant notice of its infringement; and (5) a demand for an injunction and damages."  K-Tech,

24   714 F.3d at 1283 (citing Fed. R. Civ. P. Form 18).

25        The Forms in the Federal Rules Appendix, such as Form 18, satisfy the federal pleading

26   rules "'and illustrate the simplicity and brevity that these rules contemplate.'"  Id. (quoting Fed. R.

27   Civ. P. 84; In re Bill of Lading Transmission & Processing Sys. Pat. Litig., 681 F.3d 1323, 1334

28   (Fed. Cir. 2012)).  Rule 84 and the Advisory Committee Notes to the 1946 amendment of Rule 84

*United States District Court*
*Northern District of California*

4

1    make clear that "proper use of a form contained in the Appendix of Forms effectively immunizes a

2    claimant from attack regarding the sufficiency of the pleading."  Id.  That immunizing effect is not

3    altered by variations in regional circuit law, because the Federal Rules cannot be amended by

4    judicial interpretation.  See id. n. 1 ("Form 18 is a national form, and any argument that we should

5    interpret it differently" based on circuit law "is without merit."); Twombly 550 U.S. at 569 n. 14

6    (noting no change in pleading standard because amendment to Federal Rules may not be

7    accomplished by judicial interpretation).  Accordingly, "to the extent any conflict exists between

8    Twombly (and its progeny) and the Forms regarding pleadings requirements, the Forms control."

9    K-Tech, 714 F.3d at 1283.  Nevertheless, "an implausible claim for patent infringement rightly

10   should be dismissed."  Id. at 1284.

11          Defendants do not contest that the Complaint literally satisfies the requirements of Form

12   18.  The Complaint contains: an allegation of jurisdiction; a statement that Redd Group owns the

13   '336 patent; a statement that Defendants have been infringing the patent "by making, selling, and

14   using" glass scratch removal products such as Scratchpro, which "embody the patented

15   invention"; a statement that Plaintiffs have notified Defendants of their infringement; and a

16   demand for an injunction and damages.  See Fed. R. Civ. P. Form 18.  Defendants instead argue

17   that, because the '336 patent is a method patent, Plaintiffs must satisfy an additional pleading

18   requirement: the Complaint must contain allegations that Defendants "have performed each step of

19   the method claimed in the '336 patent."  Mot., ECF No. 33 p. 5:19-20.  Per Defendants, the

20   Complaint lacks an explanation of "how selling a *product* could possible directly infringe

21   Plaintiffs' patented *method*."  Id. p. 5:16-17.

22          Defendants do not point to any authority that imposes the additional pleading requirement

23   they rely upon here.  Though a plaintiff alleging infringement of a method patent must ultimately

24   prove that the infringer performed each step of the claimed method, see Muniauction, Inc. v.

25   Thomson Corp., 532 F.3d 1318, 1328 (Fed. Cir. 2008), the ultimate burden of proof does not

26   apply at the pleading stage.  Indeed, the Federal Circuit's decision in Bill of Lading squarely

27   forecloses Defendants' argument.  There, the Federal Circuit held, based on Form 18, that patent

28   plaintiffs need not "plead facts establishing that each element of an asserted [patent] claim is met."

United States District Court
Northern District of California

5

1    In re Bill of Lading, 681 F.3d at 1335.  "Indeed, a plaintiff need not even identify which claims it

2    asserts are being infringed."  Id.  Nor must a plaintiff identify the specific product that infringes

3    the patent.  K-Tech, 714 F.3d at 1286.  Thus, while a method patent plaintiff must ultimately

4    prove infringement of each step in the claimed order, "nothing in Twombly or Iqbal demands this

5    level of factual specificity at the pleading stage.  Such a requirement would be dangerously close

6    to requiring a plaintiff to prove he is entitled to relief at the pleading stage."  In re Bill of Lading,

7    681 F.3d at 1342.  "[W]hat is necessary is that facts, when considered in their entirety and in

8    context, lead to the common sense conclusion that a patented method is being practiced."  Id. at

9    1343.

10          Here, the Court finds that Plaintiffs have adequately stated a claim for direct infringement

11   of the '336 patent.  In addition to complying with the requirements of Form 18, the Complaint

12   identifies the specific product that Plaintiffs believe involves the practice of the method claimed

13   by the '336 patent.  Nothing more is required to provide Defendants notice of the claims asserted

14   against them.

15                    **2.   Indirect Infringement**

16          There are two types of indirect patent infringement: inducement and contributory

17   infringement.  35 U.S.C. §§ 271(b)-(c).  "There can be no inducement or contributory

18   infringement without an underlying act of direct infringement."  Linear Tech. Corp. v. Impala

19   Linear Corp., 379 F.3d 1311, 1326 (Fed. Cir. 2004).

20          To state a claim for indirect infringement, "a plaintiff need not identify a specific direct

21   infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."

22   In re Bill of Lading, 681 F.3d at 1336.  In the context of method claims, a party is liable for

23   inducement or contributory infringement "if it sells infringing devices to customers who use them

24   in a way that directly infringes the method claim."  Linear Tech., 379 F.3d at 1326.

25          Defendants argue that Plaintiffs have failed to allege any indirect infringement claim —

26   whether inducement or contributory infringement — because the Complaint "does not contain any

27   facts that create an inference that a specific direct infringer actually exists.  As discussed above,

28   Plaintiffs have adequately pleaded a cause of action for direct infringement by complying with

United States District Court
Northern District of California

6

1    Form 18.  See also, Compl. ¶ 16.  Thus, Defendants' challenge on that ground fails.

2         Defendants also make arguments specific to Plaintiffs' inducement and contributory

3    infringement claims, as set forth below.

4                        *a.   Inducement*

5         A party indirectly infringes a patent via inducement if it "actively induces infringement of

6    a patent."  35 U.S.C. § 271(b).  To state a claim for inducement, a complaint must "must contain

7    facts plausibly showing that [defendants] specifically intended their customers to infringe the . . .

8    patent [at issue] and knew that the customer's acts constituted infringement."  In re Bill of

9    Lading, 681 F.3d at 1339.  Defendants contend that Plaintiffs' Complaint does not meet this

10   requirement.

11        The Complaint alleges that Defendants have sold "Scratchpro," an infringing product, and

12   that they have actively and knowingly aided others, including purchasers of "Scratchpro," to

13   infringe the '336 Patent.  Compl. ¶¶ 16, 17.  This satisfies the pleading requirement in Bill of

14   Lading.

15                       *b.   Contributory Infringement*

16        "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus

17   for use in practicing a patented process, and that 'material or apparatus' is material to practicing

18   the invention, has no substantial non-infringing uses, and is known by the party 'to be especially

19   made or especially adapted for use in an infringement of such patent.'"  In re Bill of Lading, 681

20   F.3d at 1337; 35 U.S.C. § 271(c).  A substantial non-infringing use is any use that is "not unusual,

21   far-fetched, illusory, impractical, occasional, aberrant, or experimental."  Vita–Mix Corp. v. Basic

22   Holdings, Inc., 581 F.3d 1317, 1327–29 (Fed. Cir. 2009).  "Where the product is equally capable

23   of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for

24   contributory infringement does not lie."  In re Bill of Lading, 681 F.3d at 1338.

25        Plaintiffs appear to concede that they have not adequately alleged a contributory

26   infringement claim.  Contributory infringement of method claims requires allegations that

27   Defendants sold or offered to sell a "material or apparatus" for use in the patented process.  An

28   essential element of the claim is that the material or apparatus have no substantial non-infringing

United States District Court
Northern District of California

7

1    uses.

2         Plaintiffs argue that Scratchpro "has no apparent non-infringing uses.  The product by its

3    very name supports this inference."  ECF No. 38 p. 10.  The Court is not persuaded by that

4    argument.  See In re Bill of Lading, 681 F.3d at 1338 (Fed. Cir. 2012) ("These allegations are

5    tailored too narrowly; they say nothing more than 'if you use this device to perform the patented

6    method, the device will infringe and has no noninfringing uses.'").  The Complaint must contain

7    sufficient factual allegations from which the Court can reasonably infer that Scratchpro has no

8    substantial non-infringing uses — an inference the Court can only make if the Complaint explains

9    how Scratchpro relates to the '336 patent.  Although those allegations are unnecessary to state a

10   claim for direct infringement, Plaintiffs must make them in order adequately to state a claim for

11   contributory infringement.  See In re Bill of Lading, 681 F.3d at 1336 ("We agree with several

12   district courts that have addressed this issue that Form 18 should be strictly construed as

13   measuring only the sufficiency of allegations of direct infringement, and not indirect

14   infringement.").  The Court will therefore dismiss Plaintiffs' contributory infringement claims

15   with leave to amend.[1]

16        **B.    Copyright Infringement**

17        Defendants move to dismiss Plaintiffs' second cause of action for copyright infringement

18   because the Complaint does not allege the pre-registration or registration of the copyrighted works

19   at issue as required by 17 U.S.C. § 411(a).  Defendants also move to dismiss that claim on the

20   grounds that Plaintiffs inadequately describe which materials infringe Plaintiffs' copyright.

21        Plaintiffs concede the registration deficiency and seek leave to amend the Complaint to

22

23   [1] On amendment, Plaintiffs shall separate their claims for direct infringement, inducement, and
24   contributory infringement into separate causes of action.  These are separate claims with separate
     elements.  "The Patent Act codified inducement of infringement in section 271(b) and contributory
25   infringement in section 271(c), dividing what had previously been a single notion of secondary
     liability for patent infringement into two separate causes of action, and drawing a distinction
26   between direct and indirect infringement."  Lynda J. Oswald, The Intent Element of "Inducement
     to Infringe" Under Patent Law: Reflections on Grokster, 13 Mich. Telecomm. & Tech. L. Rev.
27   225, 228 (2006).

28

United States District Court
Northern District of California

1   include that allegation.  ECF No. 38 p. 11.  However, Plaintiffs do not respond to Defendants'

2   argument that the Complaint must identify the allegedly infringing materials, though amendment

3   with respect to the registration of the works at issue should clarify the scope of Plaintiffs'

4   copyright claims.  For the foregoing reasons, the court GRANTS Defendants' Motion to Dismiss.

5   Plaintiffs shall have leave to amend the Complaint to address the registration issue and identify

6   which of Defendants' materials allegedly infringe Plaintiffs' copyright.

7           **C.       Unfair Competition Claims**

8           Defendants move to dismiss Plaintiffs' third and fourth causes of action for violation of

9   state unfair competition law on the grounds that the Copyright Act preempts them.

10          The Copyright Act of 1976 expressly preempts state claims where the plaintiff's work

11  "come[s] within the subject matter of copyright" and the state law grants "legal or equitable rights

12  that are equivalent to any of the exclusive rights within the general scope of copyright."  17 U.S.C.

13  § 301(a).  "For preemption purposes, ideas and concepts that are fixed in a tangible medium fall

14  within the scope of copyright . . . despite the exclusion of fixed ideas from the scope of actual

15  federal copyright protection."  Montz v. Pilgrim Films & Television, Inc., 649 F.3d 975, 979 (9th

16  Cir. 2011) cert. den'd, 132 S. Ct. 550 (2011).  The key inquiry in preemption cases is therefore

17  "whether the asserted state right is equivalent to any of the exclusive rights within the general

18  scope of copyright."  Id.  "To survive preemption, a state cause of action must assert rights that are

19  qualitatively different from the rights protected by copyright."  Id.

20          Here, Plaintiffs argue that their unfair competition claims "are not exclusively tethered to

21  the copyright infringement claim" because "Defendants engaged in a number of acts other than

22  copyright infringement that constitute unfair or unlawful competition or business practices."  ECF

23  No. 38 p. 12.  For example, Plaintiffs argue that the Complaint asserts claims for misappropriation

24  of Plaintiffs' "efforts," and that Defendants "are exploiting Plaintiffs' patented technology and

25  reputation."  Id.

26          Those arguments are insufficient to avoid preemption because they do not add an "extra

27  element" that changes the nature of the unfair competition claims such that they can survive

28  preemption.  Montz, 649 F.3d 975, 980–81.  For precisely that reason, the Ninth Circuit held in

United States District Court
Northern District of California

9

1   Del Madera Properties v. Rhodes & Gardner, Inc., 820 F.2d 973, 977 (9th Cir. 1987), overruled on

2   other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994), that unfair competition claims are

3   preempted by the Copyright Act.

4          Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' third and

5   fourth causes of action without leave to amend.

6   **V.        CONCLUSION**

7          For the foregoing reasons, the Defendants' Motion to Dismiss is DENIED with respect to

8   Plaintiffs' direct infringement claim and inducement claim, GRANTED WITH LEAVE TO

9   AMEND as to Plaintiffs' contributory infringement claim, and GRANTED WITHOUT LEAVE

10  TO AMEND as to Plaintiffs' common law and statutory unfair competition claims.

11         Plaintiffs may file an amended complaint by no later than 30 days from the date of this

12  Order.[2]

13         **IT IS SO ORDERED**.

14  Dated: July 8, 2013

15  _____

16                          JON S. TIGAR
                            United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] Failure to file either an amended complaint or a notice of submission to the Court's dismissal of those claims may constitute violation of a court order, subject to appropriate sanctions up to and including involuntary dismissal of the relevant causes of action.

United States District Court
Northern District of California

10